**In the Matter of James Robert JESSELL, Jr., Debtor.**

**No. 9:05–bk–10209–ALP.**

United States Bankruptcy Court, M.D. Florida, Fort Myers Division.

Jan. 29, 2006.

**4.** *In re Gentry*, 2006 WL 3392947, \*6–7 (Bankr.E.D.Tenn.2006).

**5.** *In re Gentry*, 2006 WL 3392947, \*7 (Bankr. E.D.Tenn.2006)

Jim Jessell, Richard Johnston, Jr., Kiesel Hughes and Johnston, Fort Myers, FL, for Debtor.

### ORDER ON MOTION FOR TURNOVER (Doc. No. 54)

ALEXANDER L. PASKAY, Bankruptcy Judge.

THE MATTER before the Court is a Motion for Turnover (Doc. No. 54) filed on June 19, 2006, by the Chapter 7 Trustee, Diane L. Jensen (Trustee), in this Chapter 7 case of James Robert Jessell, Jr. (Debtor). The Trustee's Motion seeks an Order compelling the Debtor to turn over to the Trustee certain alleged non-exempt assets, including $36.00 cash on hand, $195.49 of excess monies held in a bank account, $176.00 worth of office equipment, a portion of a tax refund for the year 2005 in the amount of $1,253.34, and postpetition payment credits taken against a prepetition overpayment of child support in the amount of $1,900.00.

On July 17, 2006, the Debtor filed his Response to the Trustee's Motion for Turnover (Doc. No. 57), in which he agreed that he owed the estate the sum of $407.49 (for the cash, the funds in the bank account, and the office equipment), and agreed to pay the same within thirty days. The Debtor disputed the Trustee's contention that he had received a tax refund, and asserts that the credits taken by him towards satisfaction of the child support overpayments were exempt funds and not property of the estate, and therefore not subject to a turnover proceeding. He further demands the return of funds paid to the Trustee by his former spouse in satisfaction of the overpayment.

On September 20, 2006, the parties filed a Stipulation of Facts Regarding Trustee's Motion for Turnover and Trustee's Objection to Amended Claim of Exemptions (Doc. No. 69), in which the relevant facts are set out as agreed to by the parties. The dispute over the Debtor's 2005 tax return has been resolved by the parties, which leaves only the matters of the validity of the claim by the Trustee and the claim of the Debtor for the return of the funds obtained by the Trustee from the former spouse.

Based on these facts and the record, this Court now finds and concludes as follows:

The Debtor and his former spouse Dana Kinnaman Jessell (Ms. Jessell) were di-

vorced in May 2000. Pursuant to the Final Judgment of Dissolution, the Debtor was obligated to pay child support for their two minor children. In September 2003 the Circuit Court of the Twentieth Judicial Circuit in and for Lee County, Florida (State Court) entered an Order on the Debtor's Supplemental Petition for Modification of Final Judgment which reduced the Debtor's child support payments for the summer months and increased them for the school months. The State Court ruled that as a result of the Ms. Jessell's misstatement of the children's day care expenses, the Debtor had overpaid child support and was entitled to a credit of $12,948.92 on future child support payments. The credit was to be recouped by reducing the Debtor's monthly child support payment by $100.00 until the balance was paid in full. The Debtor began taking the credits in October 2003, and continued to take credit against his monthly payments until May 2006. The present dispute concerns credits taken after the Petition date, from June 2005 through February 2006.

The Debtor filed his Petition under Chapter 7 on May 18, 2005. The Debtor listed as one of his assets a prepetition overpayment of child support in the amount of $11,000.00.

In September 2005 the Debtor filed a Motion in the State Court to Amend Payment Schedule, seeking to accelerate repayment of the overpayment by increasing the credit against his monthly child support payments. On November 14, 2005, the State Court entered an Order on the Debtor's Motion in which Ms. Jessell was instructed to pay the remaining balance of the overpayment upon the sale of the marital home. The State Court further instructed that if the marital home was not sold by January 31, 2006, the Debtor should begin deducting $300.00 from his monthly child support payments until the marital home was sold and the balance paid in full.

The marital home was sold in February 2006. At that time, the Trustee demanded and received from Ms. Jessell the balance of the overpayment, which was tendered to the Trustee on March 3, 2006, in the amount of $9,648.92.

It further appears from the record that the Debtor took a $300.00 credit in February, and continued to deduct $300.00 per month until June 2006. Ms. Jessel filed a Motion for Contempt on June 14, 2006, seeking return of the credits taken by the Debtor in the months of March, April, and May. On August 7, 2006, the State Court found that the Debtor was indebted to Ms. Jessell in the amount of $1,200.00 for the $300.00 credits taken in March, April, May, and June, and ordered the amount repaid in three monthly installments of $400.00 to be included with his monthly child support payments for the months of August, September, and October.

The Trustee seeks $1,900.00 from the Debtor; however, based on the record before the court, that amount is incorrect. On the Petition Date, the remaining balance of the overpayment was an asset of the estate in the amount of $10,948.92. However, the Trustee incorrectly valued this asset at $11,548.92, an apparent overvaluation of $600.00. The $1,900.00 figure was apparently reached by subtracting the $9,648.92 paid to the Trustee by Ms. Jessell on March 3, 2006, from the incorrect assessment of $11,548.92. Therefore, to reach the correct figure, it is necessary to subtract the $600.00 overvaluation from the Trustee's incorrect assessment of $1,900.00, which results in a balance of

$1,300.00.[1]

It should be noted that the credits the Debtor retained toward satisfaction of the overpayment before filing totaled $2,000.00 ($100.00 per month from October 2003 until May 2005). Obviously no part of these pre-Petition credits are recoverable for the estate. As noted above, on the Petition date the overpayment totaled $10,948.92. The Debtor continued taking $100.00 credits each month for the months from June 2005 until January 2006, for a total of $800.00. In February, 2006, the Debtor began taking credits of $300.00, continuing, as noted above, through June 2006. However, only the credit taken in February 2006 is now of concern because all credits taken by the Debtor after the overpayment was satisfied in March 2006 by Ms. Jessell's payment to the Trustee are subject to the State Court's Order to repay. Thus, the sum of the credits taken postpetition by the Debtor amounts to $1,100; it is proper that he repay that amount to the estate.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED, that the Motion For Turnover (Doc. No. 54) filed by the Chapter 7 Trustee be, and the same is hereby granted in part, and denied in part. The Motion is granted in the amount of $1,100.00. It is further

ORDERED, ADJUDGED AND DECREED, that the Debtor shall contact the Chapter 7 Trustee within 30 days from the date of this order to arrange an mutually agreeable plan for turnover of $1,100.00 within 60 days.

---

1. Subtracting the Debtor's post-Petition credits of $1,100.00 from this amount yields a balance of $200.00 that remains due from Ms. Jessell; her payment to the Trustee on March 3, 2006, should have totaled $9,848.92. She paid only $9,648.92.